IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUSTUS OFODRINWA,

        Plaintiff(s),

v.

JONATHAN KIZZAR, in his individual and official capacity; LINO PAVON, in his individual and official capacity; and BRYAN ANDERSON, in his individual and official capacity,

        Defendant(s).

No. 3:24-cv-00463-HZ

OPINION & ORDER

Justus Ofodrinwa
19615453
Oregon State Correctional Institution
3405 Deer Park Drive S.E.
Salem, OR 97310-9385

    Plaintiff, *Pro Se*

Trung D. Tu
Portland City Attorney's Office
1221 S.W. Fourth Ave
Suite 430
Portland, OR 90204

    Attorneys for Defendants

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel, ECF 11, and Defendants' Motion to Dismiss, ECF 10. For the reasons that follow the Court denies Plaintiff's Motion and grants Defendants' Motion.

## BACKGROUND

On March 13, 2024, Plaintiff Justus Ofodrinwa filed a *pro se* Complaint against Portland Police Officers Jonathan Kizzar, Lino Pavon, and Bryan Anderson alleging that on March 9, 2021, he was "brutally assaulted at [his] residence by three Portland Police Officers who later denied [him] medical assistance. When the ambulance arrived [he] was arrested without being read [his] rights." Compl., ECF 2 at 5. Plaintiff filed an Independent Police Review complaint in "August 2021 or January 2022." *Id.* Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges in his Statement of Claim that "[t]he policies and training of Portland Police allowed officers without body cameras to use excessive force and deprive [him] of [his] constitutionally-protected rights." *Id.* Plaintiff seeks compensatory and punitive damages.

On June 11, 2024, Defendants filed a Motion to Dismiss Plaintiff's claims on the basis that they are time barred. The Court took the Motion under advisement on July 8, 2024.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because he "believes that he is entitled to relief sought and if able would retain counsel on his own . . . to protect his interests" and the "interests of justice would be best served if an attorney would be appointed." Mot., ECF 11, ¶¶ 2-3.

2 – OPINION & ORDER

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. § 1915(e), however, this Court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id. See also Yaeger v. Martinez*, No. 22-55175, 2024 WL 637502, at *1 (9th Cir. Feb. 15, 2024)(concluding the district court did not abuse its discretion by denying the plaintiff's request for appointment of counsel because he "failed to demonstrate exceptional circumstances); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)(setting out "exceptional circumstances" requirement for appointment of counsel). This Court may request volunteer counsel in exceptional cases, but it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

"When determining whether 'exceptional circumstances' exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff has demonstrated sufficient ability to articulate his claims and the facts and legal issues involved are not of substantial complexity. The Court, therefore, concludes there are no exceptional circumstances that require the appointment of counsel under § 1915(e). Accordingly, the Court denies Plaintiff's Motion for Appointment of Counsel.

## MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint on the basis that his claims are time barred.

I.       **Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Williams v. Koenig*, No. 21-16092, 2024 WL 1477067, at *1 (9th Cir. Apr. 5, 2024)(citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik*

v. *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## II. Statute of Limitations

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)(quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007). See also *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995)("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.")(internal quotations and citations omitted). "[A] complaint cannot be dismissed[, however,] unless it appears beyond a doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint when the equitable-tolling doctrine applied). When claims are barred by the statute of limitations, a court may dismiss the plaintiff's claims without leave to amend because amendment would be futile. *Platt Elec. Supply, Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

## III. Plaintiff's Direct Claims

The Ninth Circuit has held courts must apply the forum state's statute of limitations for personal-injury claims to any claims under § 1983. *See, e.g., Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014)("Section 1983 does not contain its own statute of

5 – OPINION & ORDER

limitations. Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions."). Under Oregon law personal-injury claims must be commenced within two years of the injury. *See* Or. Rev. Stat. § 12.110(1).

### A. Accrual of Plaintiff's Direct Claims

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). *See also Reed v. Goertz*, 598 U.S. 230, 235 (2023)(when the "2-year limitations period" for §1983 claims begins to run "is one of federal law"). Under federal law "[t]he general rule is that a civil rights claim accrues . . . when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022)(quotation omitted). *See also Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012)(quotations and citations omitted)(Under federal law "a claim accrues . . . when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury.").

Plaintiff alleges that he was assaulted, denied medical assistance, and arrested without being read his rights on March 9, 2021 in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff, however, did not file his Complaint until March 13, 2024, which is more than two years after the Plaintiff knew or had reason to know of the injuries that are the basis of those claims.

Plaintiff asserts in his Complaint that he did not discover "the harm and loss" until August 31, 2023, because it was then that he "received a letter . . . informing [him] that the officers [at issue] were not wearing body cameras during the police brutality." Compl. at 5. The absence of body cameras is, however, not the cause of the injuries alleged by Plaintiff. Rather,

6 – OPINION & ORDER

Plaintiff alleges that on March 9, 2021, officers used excessive force, failed to provide him with medical care, and arrested him without reading him his rights. None of the injuries arising from these claims relates to or relies on the absence of body cameras and the constitutional injuries arose on March 9, 2021. *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380-81 (9th Cir. 1998)(finding that excessive force claim accrued on the date of the arrest and assault); *Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015)("a cause of action for illegal search and seizure accrues when the wrongful act occurs"); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (claim for denial of proper medical treatment accrued when prison doctor allegedly failed to treat, or improperly treated, former inmate's injured leg). Plaintiff's claims are, therefore, untimely.

      **B.    Equitable Tolling**

In his Response to Defendant's Motion Plaintiff asserts he was not able to file his Complaint "in a timely manner" because he was "wrongly informed by a prison legal assistant that [he] had to exhaust [his] internal affairs and independent police review remedy before proceeding with civil litigation" and it was not until Plaintiff received the August 31, 2023 letter that he exhausted his remedies. Defs' Resp., ECF 12, at 1.

For actions under 42 U.S.C. § 1983, courts apply the forum state's . . . law regarding tolling, *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). *See also Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980)(noting that in most § 1983 actions, the state's tolling rules apply). It is unclear, however, whether Oregon permits equitable tolling in the context of § 1983 and what the parameters of equitable tolling in Oregon, if allowed, may be. *Monical v. Marion Cnty.*, No. 6:18-CV-103-YY, 2021 WL 228891, at *4 (D. Or. Jan. 22, 2021). The court noted in *Monical* that although "the Oregon Supreme Court [has] stated . . .

7 – OPINION & ORDER

'various circumstances can toll [statutes of limitations'] expiration,' [t]he court did not explain what those 'various circumstances' were." *Id.* (quoting *Shasta View Irrigation Dist. v. Amoco Chems. Corp.*, 329 Or. 151, 162 (1999)). In addition, "the Oregon Court of Appeals [stated] . . . 'a statute of limitations may be tolled in certain circumstances but, with few exceptions, a statute of ultimate repose may not be tolled.'" *Id.* (quoting *Cannon v. Or. Dep't of Justice*, 288 Or. App. 793, 798 (2017)). Accordingly, Oregon courts appear to contemplate application of equitable tolling, even though the *Monical* court was unable to find any Oregon cases applying equitable tolling in the context of § 1983. The court added that "[c]ourts in this district also have presumed equitable tolling is available under Oregon law under at least some circumstances." *Id.* (citing *Allen v. Nw. Permanente, P.C.*, 2013 WL 865967, at *6 (D. Or. Jan. 2, 2013), report and recommendation adopted as modified, 2013 WL 865973 (D. Or. Mar. 7, 2013)("Equitable tolling is used sparingly in Oregon. . . . [I]n Oregon, equitable tolling is available when circumstances outside the control of the affected party make it impossible to comply with a statute of limitations.")(quotation marks and citations omitted)); *Rodriguez v. Williams*, 2010 WL 1542092, at *3 (D. Or. Feb. 25, 2010), report and recommendation adopted, 2010 WL 1541962 (D. Or. Apr. 14, 2010)(noting Oregon's history of applying equitable tolling and concluding equitable tolling may be available in some circumstances but not under the circumstances of that case)). "Ninth Circuit opinions also provide some support for the proposition that Oregon accepts the doctrine of equitable tolling." *Monical*, 2021 WL 228891, at *4 (citing *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1048 (9th Cir. 2016)(stating that "equitable tolling is used sparingly in Oregon"); *Quillin v. State of O*r., 127 F.3d 1136, 1139 (9th Cir. 1997) ("However, it may be possible that the Oregon courts will invoke principles of equitable tolling in order to review these claims ....")). The court concluded in *Monical* that "the Oregon Supreme

8 – OPINION & ORDER

Court likely would apply equitable tolling" and use the general equitable tolling test. *Id.* This Court agrees with the reasoning of *Monical* and adopts it here.

"The general equitable tolling test requires that a litigant establish (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way." *Monical*, 2021 WL 228891, at *4 (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012); *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019)). "The second element requires the litigant to show that extraordinary circumstances were the cause of his untimeliness and made it impossible to file the document on time." *Booth,* 914 F.3d at 1207. As noted, Plaintiff asserts the incorrect advice he received from a prison legal assistant "made it impossible [for him] to abide by the . . . two-year statute of limitations." Resp. at 1.

The Supreme Court, applying the general tolling test, has noted, "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," but it declined to permit equitable tolling when the plaintiff failed to file in a timely manner "because his lawyer was absent from his office at the time that the EEOC notice was received" even though the plaintiff "filed within 30 days of the day on which he personally received notice." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court and other courts have also held that "that an attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit." *Maples v. Thomas*, 565 U.S. 266, 282 (2012). *See also Wa. v. Ryan,* No. CV-95-2460-PHX-JAT, 2013 WL 6178242, at *5 (D. Ariz. Nov. 25, 2013)("'[a]ttorney miscalculation is simply not sufficient to warrant equitable

tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel")(quoting *Lawrence v. Florida*, 549 U.S. 336–37 (2007)).

Similarly, the Ninth Circuit, applying the general tolling test, held that a plaintiff's allegation that a "prison paralegal gave him incorrect legal advice in calculating the limitations period" did "not rise to the level of extraordinary circumstances" permitting equitable tolling. *Alexander v. Schriro*, 312 F. App'x 972, 975 (9th Cir. 2009).

The Court concludes Plaintiff has not established extraordinary circumstances warranting equitable tolling of the limitations period exist and, therefore, Plaintiff's direct claims are untimely. Accordingly, the Court grants Defendants' Motion to Dismiss as to those claims.

## IV. *Monell* Claim

Although it is unclear, it appears that Plaintiff may be asserting a claim pursuant to *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978), when he states in his Complaint that "[t]he policies and training of Portland Police allowed officers without body cameras to use excessive force and deprive [him] of [his] constitutionally-protected rights." Compl. at 5. A *Monell* claim, however, may be asserted only against a public body, not individual officers. *See Monell*, 436 U.S. at 691-94 (§ 1983 liability of a local governing body arises only when "action pursuant to official . . . policy of some nature caused a constitutional tort" and not on the basis of respondeat superior). "The 'official policy' requirement [of a *Monell* claim] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)(emphasis in original). The circumstances in which *Monell* liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish an

official policy or custom sufficient for *Monell* liability, a plaintiff must show a constitutional violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a final policymaker. *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

Plaintiff, however, has not brought this action against the City of Portland or any other local governing body. To the extent that Plaintiff intends to assert a claim under *Monell*, Plaintiff cannot do so against Defendants. Accordingly, Plaintiff's *Monell* claim is dismissed for failure to state a claim.

**V.    Amendment**

Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas,* 66 F.3d at 248. Plaintiff cannot cure the fact that his direct claims accrued more than two years before he filed his Complaint. The Court, therefore, denies Plaintiff leave to file an amended complaint to reassert those claims.

Plaintiff, however, seeks leave to amend his Complaint to "list the City of Portland and the Portland Police Bureau as defendants." Plaintiff does not state what claims he would assert against the City of Portland or the Portland Police Bureau, but Plaintiff may intend to assert a *Monell* claim related to the policies and training of Portland police officers against the Portland Police Bureau and the City of Portland.

Plaintiff's request is denied as to the Portland Police Bureau. As this Court explained in *Harris v. City of Portland Police Dept*., No. 3:15-cv-00853-HZ, 2016 WL 740425 (D. Or. Feb. 24, 2016), an individual can only bring a claim for under § 1983 against a "person" who acted under color of state law. Local governmental units, such as counties or municipalities, can be

11 – OPINION & ORDER

sued as a "person" under § 1983 pursuant to *Monell*. *Id.* "Other government departments or entities can only be sued[, however,] if they are intended to be separate and distinct legal entities." *Id.* (citing *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995)). "[T]he Portland Police Bureau is not a separate entity from the City of Portland and is not amenable to suit. It is merely the vehicle through which the city fulfills its police functions." *Id.* (quotation omitted). Accordingly, the "Portland Police Bureau is not a proper defendant" under § 1983. *Id.*

Defendants assert the Court should also deny Plaintiff's request to file an amended complaint to add the City of Portland because "any sort of *Monell* claim that Plaintiff could have brought against the City is also untimely and barred by the two-year statute of limitations." Defs. Reply at 3. Defendants, however, cite no authority setting out when a *Monell* claim accrues or apply authority to the facts here.

"'The question of when a *Monell* claim accrues turns out to be a thornier issue than one might imagine.'" *Bell v. Lee*, No. 13-CV-05820-SI, 2023 WL 5836812, at *2 (N.D. Cal. Sept. 8, 2023)(quoting *Boyer v. Clinton Cty. Sheriff's Off.*, No. 22-cv-212, 2022 WL 17552242, at *5 (S.D. Ohio Dec. 9, 2022)). "'Lower courts have divided into two camps. In the first, courts hold that a *Monell* claim accrues when the underlying conduct giving rise to potential *Monell* liability occurred.'" *Id.* (quoting *Boyer*, 2022 WL 17552242, at *5)(collecting cases)). "'In the second camp, courts follow what they often call a 'delayed accrual' theory. . . . Under this theory, a *Monell* claim does not accrue until a plaintiff is at least on inquiry notice that the conduct the plaintiff experienced is part of some pattern or practice sufficient to give rise to *Monell* liability." *Id.* (quoting *Boyer*, 2022 WL 17552242, at *5)(collecting cases)). The Ninth Circuit has not addressed this question. *See Marlowe v. City & Cty. of San Francisco*, 753 F. App'x 479 (9th Cir. 2019)(declining to address whether a *Monell* claim accrues upon the incurring of the injury or

when the plaintiff knew or reasonably should have known that an official custom or policy caused the injury); *Caples v. City of Phoenix*, 804 F. App'x 595 (9th Cir. 2020)(same). In *Bell* the court ultimately concluded that "[g]iven the lack of controlling authority regarding when a *Monell* claim accrues, the Court cannot find that 'the running of the statute is apparent on the face of the complaint.'" 2023 WL 5836812, at *3 (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)(Under Rule 12(b)(6), a claim may be dismissed based on the statute of limitations only when "the running of the statute is apparent on the face of the complaint."). The court, therefore, declined to dismiss the *Monell* claim on statute of limitations grounds, "allow[ed] the parties to obtain further discovery," and planned to resolve the question "on a fuller factual record." *Id.*

Given the uncertain state of the law as to when a *Monell* claim accrues and the lack of legal authorities or argument provided in the parties' filings, the Court cannot conclude that it is clear that the deficiencies of the complaint could not be cured by amendment. The Court, therefore, grants Plaintiff's request to file an amended complaint only to the extent that Plaintiff can assert a *Monell* claim against the City of Portland.

## CONCLUSION

The Court DENIES Plaintiff's Motion for Appointment of Counsel, ECF 11. The Court GRANTS Defendants' Motion to Dismiss, ECF 10, and dismisses Plaintiff's Complaint. The Court GRANTS Plaintiff leave to file an Amended Complaint within 30 days of the date of this Opinion and Order only to the extent that Plaintiff can assert a *Monell* claim against the City of

Portland.

IT IS SO ORDERED.

DATED: _____July 23, 2024_____.

_____
MARCO A. HERNANDEZ
United States District Judge

14 – OPINION & ORDER